UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-599-FDW
(3:00-cr-210-FDW-4)

| | |
|---|---|
| EVERTON BARTLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) ORDER |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1).

I. **BACKGROUND**

Petitioner was indicted for conspiracy to possess with intent to distribute 500 grams or more of powder cocaine and 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(b)(1), 846, and 851; and conspiracy to import 500 grams or more of powder cocaine in violation of 21 U.S.C. §§ 942, 963, and 960. (3:00-cr-210, Doc. No. 26). The Government filed an Information pursuant to 21 U.S.C. § 851 setting forth nine prior felony drug convictions: possession of marijuana and possession of marijuana with intent to distribute (New Jersey April 10, 1992); manufacture and distribution of a controlled substance (New Jersey March 14, 1996); possession with intent to sell and deliver cocaine (North Carolina December 12, 1994); possession with intent to sell and deliver marijuana (North Carolina December 12, 1994); felony possession of marijuana (North Carolina December 12, 1994); possession with intent to sell and deliver marijuana (North Carolina December 12, 1994); possession with intent to distribute cocaine (New Jersey April 29, 1996); possession with intent to sell and deliver cocaine (North Carolina

1

December 12, 1994); and maintaining a place for controlled substance (North Carolina December 12, 1994). (Id., Doc. No. 94).

A jury found Petitioner guilty of both counts. (Id., Doc. No. 107).

The PSR calculated the base offense level as 32 based on the quantity of drugs for which Petitioner was responsible and three levels were added for role. (3:00-cr-210, Doc. No. 263 at ¶ 19, 21). However, the offense level is 37 because Petitioner qualifies as a career offender pursuant to U.S. Sentencing Guidelines § 4B1.1 based on the following prior convictions: possession of marijuana with intent to sell (NJ2C35-5B11);[1] manufacture/distribute a controlled substance (File #93001366); possession with intent to sell and deliver cocaine (94-CRS-035183); possession with intent to sell and deliver marijuana (94-CRS-035184); assault with a deadly weapon with intent to kill (94-CRS-035186); maintaining a place for controlled substances (94-CRS-075435); possession with intent to sell and deliver marijuana (94-CRS-075436); and possession with intent to sell and deliver cocaine (94-CRS-074337).[2] (Id., Doc. No. 263 at ¶ 26). The PSR's Criminal History section scored a total of 11 criminal history points and a criminal history category of V. (Id., Doc. No. 263 at ¶¶ 35-36). However, the criminal history category for career offenders is VI. (Id., Doc. No. 263 at ¶ 37). The resulting guidelines range was 360 months to life imprisonment. (Id., Doc. No. 263 at ¶ 57).

The Court sentenced Petitioner to life imprisonment. (Id., Doc. No. 139). The Fourth Circuit Court of Appeals affirmed, United States v. Bartley, 62 Fed. Appx. 547 (4th Cir. 2003), and the Supreme Court denied certiorari, Bartley v. United States, 540 U.S. 913 (2003).

---

[1] The PSR's Criminal History section reveals that this case is associated with indictment number IS1367-91. (3:00-cr-210, Doc. No. 263 at ¶ 31).

[2] This appears to refer to case number 94-CRS-75437. (3:00-cr-210, Doc. No. 263 at ¶ 34).

Petitioner filed a *pro se* § 2255 Motion to Vacate in 2004 that the Court dismissed and denied, case number 3:04-cv-511. Bartley v. United States, 2007 WL 2964362 (W.D.N.C. Oct. 9, 2007). The Fourth Circuit dismissed Petitioner's appeal, United States v. Bartley, 272 Fed. Appx. 239 (4th Cir. 2008), and the Supreme Court denied certiorari, Bartley v. United States, 556 U.S. 1172 (2009).

Petitioner was denied sentence a reduction pursuant to 18 U.S.C. § 3582 on three occasions. See (3:00-cr-210, Doc. Nos. 238, 248, 259); United States v. Bartley, 544 Fed. Appx. 166 (4th Cir. 2013); Bartley v. United States, 571 U.S. 1170 (2014).

In 2017, Petitioner filed a second *pro se* § 2255 Motion to Vacate, case number 3:17-cv-235. After the Government moved to dismiss as an unauthorized second or successive § 2255 petition, Petitioner withdrew all of his claims except the claim that he should be resentenced because his April 1996 New Jersey conviction for possession with intent to distribute cocaine had been vacated, which the Government conceded, was not successive. The Court denied and dismissed Petitioner's § 2255 petition because it was untimely. Bartley v. United States, 2017 WL 4768217 (W.D.N.C. Oct. 20, 2017). The Fourth Circuit dismissed Petitioner's appeal. Bartley v. United States, 721 Fed. Appx. 270 (4th Cir. 2018).

Petitioner has now filed his third § 2255 Motion to Vacate in which he argues that he is "actually innocent" of his sentence because one of his predicate convictions has been dismissed. (Doc. No. 1).[3] His argument is based on a February 21, 2018, Order of the Bergen County, New

---

[3] On August 15, 2018, the Fourth Circuit dismissed Petitioner's application for leave to file a second or successive § 2255 petition because it is based on a new fact, case number 18-305. See United States v. Hairston, 754 F.3d 258, 262 (4th Cir. 2014) ("a numerically second § 2255 motion should not be considered second or successive pursuant to § 2255(h) where … the facts relied on by the movant seeking resentencing did not exist when the numerically first motion was adjudicated."); 28 U.S.C. § 2255(h)(1) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain … newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense….").

Jersey, Superior Court Criminal Law Division vacating Petitioner's[4] indictment in case number 91-01-01367-1 with prejudice. (4th Cir. No. 18-305, Doc. No. 7-2 at 22); see Fed. R. Ev. 201.

## II. LIMITATIONS

Petitioner argues that the instant § 2255 petition is timely under § 2255(f)(4) because "[t]he State of New Jersey ruled that Petitioner acted with diligence to his stale 1992 prison … and vacated his conviction on February 21, 2018…" (Doc. No. 1 at 11). He further argues that he is "actually innocent" of his sentence because the prior crimes used to enhance his sentence are "non-existent." (Doc. No. 1 at 25).

The Court declines to analyze the timeliness of the instant § 2255 petition in the interest of judicial economy because the one-year statute of limitations is not jurisdictional, the limitations analysis is complex, and this case may be easily resolved on the merits. See United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000) (recognizing that AEDPA's statute of limitations is not jurisdictional); see, e.g., Pough v. United States, 442 F.3d 959, 965–66 (6th Cir. 2006) (finding that it "may … proceed directly to the merits of [the § 2255] case, which can be resolved in a straightforward manner" rather than first addressing limitations); Aron v. United States, 291 F.3d 708, 718 (11th Cir. 2002) (Carnes, J., concurring) ("a district court is not required to rule on whether an asserted statute of limitations bar applies if the § 2255 motion may be denied on other grounds."). The Court will therefore assume without deciding that the instant § 2255 petition was timely filed.

## III. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence,

---

[4] The order identifies the "Defendant" as "Fredrick A. Martin," which is one of Petitioner's aliases. See (00-cr-210, Doc. No. 263 at 3).

4

or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**IV.   DISCUSSION**

Petitioner's contention that the vacatur of his 1992 New Jersey conviction requires resentencing is meritless.

For first-time offenders who possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, the Controlled Substances Act ("CSA") mandates a term of imprisonment of at least five years and not more than 40 years. 21 U.S.C. § 841(b)(1)(B)(ii)(II). But for offenders who engage in such conduct "after a prior conviction for a felony drug offense has become final," the CSA mandates a term of imprisonment of at least 10 years and not more in life imprisonment. Id. A "felony drug offense" is "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). The language "prior conviction" means "separate criminal episodes, not separate convictions arising out of a single transaction." United States v. Blackwood, 913 F.2d 139, 145-46 (4th Cir. 1990).

Before a person is sentenced to an increased punishment by reason of one or more prior convictions, the United States must file an information with the Court stating in writing the previous convictions to be relied on. 21 U.S.C. § 851(a)(1).

A defendant is a career offender under the sentencing guidelines if he was at least 18 years old at the time he committed the instant offense of conviction, the instant offense is a felony that is either a crime of violence or a controlled substance offense, and the defendant has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). A "controlled substance offense" is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, export, distribution, or dispensing of a controlled substance … or the possession of a controlled substance … with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). The term "two prior felony convictions" means: "(1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense … and (2) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions § 4A1.1(a), (b), or (c)." U.S.S.G. § 4B1.2(c). A "prior sentence" is counted separately if "the sentences were imposed for offenses that were separated by an intervening arrest…. If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day." U.S.S.G. 4A1.2(1), (2). The offense level for a career offender whose offense statutory maximum is life imprisonment has an offense level of 37. U.S.S.G. § 4B1.1(b)(1).

In the instant case, the Government filed an information pursuant to § 851 listing nine prior convictions of felony drug offenses:

(A)  possession of marijuana and possession of marijuana with intent to distribute (New Jersey April 10, 1992);

(B)  possession with intent to sell and deliver cocaine (North Carolina December 12, 1994);

(C)  possession with intent to sell and deliver marijuana (North Carolina December 12, 1994);

(D)  felony possession of marijuana (North Carolina December 12, 1994);

(E)  possession with intent to sell and deliver marijuana (North Carolina December 12, 1994);

(F)  possession with intent to sell and deliver cocaine (North Carolina December 12, 1994);

(G)  maintaining a place for controlled substance (North Carolina December 12, 1994);

(H)  manufacture and distribution of a controlled substance (New Jersey March 14, 1996); and

(I)  possession with intent to distribute cocaine (New Jersey April 29, 1996).

(3:00-cr-210, Doc. No. 94).

The PSR relies on eight of these prior convictions, (A)-(H), for enhanced sentencing under the career offender guidelines. (Id., Doc. No. 263 at ¶ 26).

Petitioner presently contends that his April 10, 1992 New Jersey conviction for the possession of marijuana and possession of marijuana with intent to distribute, (A) above, has been vacated. In his previous time-barred § 2255 petition, Petitioner argued that his April 29, 1996, New Jersey conviction for possession with intent to distribute cocaine, (I), was vacated.[5] Assuming *arguendo* that convictions (A) and (I) have been vacated and that the North Carolina convictions from December 12, 1994, (B)-(G), should be counted as a single conviction, Petitioner still has

---

[5] The Court did not reach the merit of Petitioner's attack on the April 29, 1996 New Jersey conviction in the previous § 2255 proceedings. The instant analysis assumes, without deciding, that the April 29, 1996, New Jersey conviction is no longer valid.

two qualifying prior convictions to support his sentence pursuant to § 841 and the career offender guidelines: a 1994 North Carolina conviction, (B)-(G), and the March 14, 1996 New Jersey conviction, (H). Petitioner does not attempt to argue that the North Carolina convictions or the March 14, 1996, New Jersey conviction do not qualify as felony drug offenses under § 841, or as controlled substance offenses under the career offender guidelines. See generally 28 U.S.C. § 2255(h). Even if the Court assumes *arguendo* that the instant § 2255 petition was timely filed and that all of his arguments are true, he still has at least two prior convictions that qualify him for enhanced sentencing pursuant to § 841 and the career offender guidelines.

The record conclusively refutes Petitioner's contention that the vacatur of his 1992 New Jersey conviction requires resentencing. Therefore, the instant § 2255 petition will be denied.

V. **CONCLUSION**

For the foregoing reasons, the Court will deny Petitioner's § 2255 Motion to Vacate.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive

procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: November 16, 2018

Frank D. Whitney
Chief United States District Judge