UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-599-FDW
3:00-cr-210-FDW-4

| | |
|---|---|
| EVERTON BARTLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on *pro se* Petitioner's "Motion to Alter Amend the Judgment Motion for Leave to Amend Timely § 2255," (Doc. No. 4), and Motion for Status on Rule 59(e) and Motion for Leave to Amend § 2255, (Doc. No. 5).

Petitioner was found guilty in the underlying criminal case of conspiracy to possess with intent to distribute 500 grams or more of powder cocaine and 50 grams of crack cocaine, and conspiracy to import 500 grams or more of powder cocaine. (3:00-cr-210, Doc. No. 107). The Government had filed an Information pursuant to 21 U.S.C. § 851 setting forth nine prior felony drug convictions. (Id., Doc. No. 94). The Court sentenced Petitioner to life imprisonment, (Id., Doc. No. 139), the Fourth Circuit court of Appeals affirmed, Untied States v. Bartley, 62 Fed. Appx. 547 (4th Cir. 2003), and the Supreme Court denied certiorari, Bartley v. United States, 540 U.S. 913 (2003).

Petitioner filed a § 2255 Motion to Vacate in 2004 that the Court dismissed and denied 3:04-cv-511. Bartley v. United States, 2007 WL 2965462 (W.D.N.C. Oct. 9, 2007), *app. dism.* 272 Fed. Appx. 239 (4th Cir. 2008), *cert. den.*, 556 U.S. 1172 (2009).

1

Petitioner filed a second § 2255 Motion to Vacate in 2017 that was dismissed and denied as untimely, case number 3:17-cv-235. Bartley v. United States, 2017 WL 4768217 (W.D.N.C. Oct. 20, 2017), *app. dism.,* 721 Fed. Appx. 270 (4th Cir. 2018).

In this, Petitioner's third § 2255 proceeding, Petitioner argued that he is actually innocent of his sentence because one of his predicate convictions has been dismissed. The Court assumed without deciding that the § 2255 petition was timely filed and denied Petitioner's sentencing claim on the merits. The Court found that in an Order issued on November 16, 2018, even if all of Petitioner's arguments were true, he still qualified for enhanced sentencing under § 841 and the career offender guidelines because Petitioner had at least two prior convictions to support enhanced sentencing. (Doc. No. 2).

In the instant "Motion to Alter Amend the Judgment Motion for Leave to Amend Timely § 2255," (Doc. No. 4), Petitioner argues that the Court erroneously concluded he still has at least two predicates for § 841 and career offender guidelines. He asks the court to alter or amend the judgment erroneously concluding his prior New Jersey convictions qualify him for enhanced sentencing. He seeks leave to amend his 2255, arguing that the Court overlooked that several prior convictions were consolidated. He seeks leave to amend and for an evidentiary hearing. In his Motion for Status, (Doc. No. 5), Petitioner requests the status of his Motion.

The Government filed a Response in opposition, (Doc. No. 12), in which it notes that Petitoner filed a Motion to Reduce Sentence pursuant to the First Step Act in August 2019. The Government has agreed he is eligible for a reduction and consented to a reduction to 360 months. (3:00-cr-210, Doc. No. 274). The Motion is presently in abeyance in the criminal case. (3:00-cr-210, Doc. No. 279). The Government argues that Petitioner has not shown a proper basis for altering or amending the judgment. He is attempting to satisfy the deficiencies in his prior pleading,

2

which is not a proper basis for altering or amending the judgment. Petitioner has not shown an intervening change in controlling law or new evidence that was not available when he filed his § 2255. Rather, he seeks to argue that certain of his prior offenses were consolidated. These allegations are irrelevant in light of the court's consideration of all his 1994 convictions as a consolidated offense and Petitioner cannot show that his prior convictions did not qualify as a felony drug offense. As to his 1996 offense, Petitioner does not offer any evidence to support his contentions that the April 29 and March 14 convictions were consolidated for sentencing and that, because the April 29 conviction was held invalid, the March 14 conviction should also be considered invalid.

The motion to amend to argue that he is actually innocent of the sentence should be denied as futile because the challenge to the sentence is time-barred. The statute of limitations expired 15 years ago, one year after his conviction became final. Even if his claim related back to the November 2018 § 2255 petition, he is still not entitled to relief because that petition was untimely. He has not shown he used due diligence to obtain the vacatur of his 1992 conviction almost 26 years after the face. Any contention that he did use due diligence is belied by his assertion in his original motion that he did not commit the state offense and that the plea of guilt was in his best interest. Any reliance on actual innocence is misplaced. He challenges only his sentence and does not challenge whether he is actually innocent of his federal convictions for conspiracy to possess with intent to distribute cocaine and conspiracy to import cocaine, so he cannot overcome the SOL.

The Government further argues that Petitioner's motion is untimely Pursuant to § 851(e) statute of limitations. Petitioner was notified of the Government's intent to rely on the 1992 conviction in the amended § 851 information filed in September 2001. Because his prior conviction occurred more than five years before the information, he is barred form challenging it.

In his Response, Petitioner seeks immediate release. (Doc. No. 13). He attaches an order granting a sentencing reduction that the U.S. District Court for the Middle District of Florida granted in favor of David Eugene Lee based on the First Step Act.

A party may file a Rule 59(e) motion to alter or amend no later than 28 days after the entry of a judgment. Fed. R. Civ. P. 59(e). Such a motion may only be granted in three situations: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (internal quotation marks omitted). "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002).

Petitioner has not come forward with any intervening change in controlling law, newly discovered evidence, or a clear error of law. Therefore, his request for Rule 59(e) relief will be denied. His request to amend will be denied as futile for the reasons set forth in the Government's response.

**IT IS, THEREFORE, ORDERED** that:

(1) Petitioner's "Motion to Alter Amend the Judgment Motion for Leave to Amend Timely § 2255," (Doc. No. 4), is **DENIED**.

(2) Petitioner's Motion for Status on Rule 59(e) and Motion for Leave to Amend § 2255, (Doc. No. 5), is **DENIED** as moot.

Signed: February 3, 2020

Frank D. Whitney
Chief United States District Judge